* Yeates, J.
delivered the opinion of the court, in the absence of the chief justice. The same party cannot be [*128 payer and receiver. Hence arises the law, that when the title to the rent, and the possession of the premises out of which it issues, are united in one person, the former is extinguished. But here the case is different. Dr. William White came in as assignee of the newly created rent, and if he made a re-entry on the premises, could only hold the same until the rents were paid. The property of the ground continued in Busteed and his heirs, subject to the payment of both species of rents. The fallacy of the defendants’ reasoning, rests in making the grant of the newly created rent, tantamount to the re-assignment of the land *128 itself. Dr. White had only a qualified and conditional estate on his re-entry, and" in such case, he would be personally responsible only for the period during which he held the ground on privity of estate. The defendants are answerable from their privity of contract; and cannot reasonably complain that their own covenant is enforced against them. According to the case cited and Cunckle v. Wynick, (1 Dall. 305,) where the lessee expressly covenants to pay the rent and assigns over, and the lessor accepts rent from the assignee, an action will lie against the lessee for the subsequent rent. The passages cited from Gilbert’s treatise on rents, fully establish the plaintiff’s right to recover the eighteen years rent in arrear.
Referred to in 1 Wh. 351.
Judgment for the plaintiff.